UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,

        Plaintiffs,

      v.

VALLEY GLAZING SYSTEMS, INC., et al.,

        Defendants.

Case No. 26-cv-00531-LJC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 12

Plaintiffs filed an Amended Judgment Pursuant to Stipulation and Proposed Order, which is signed by Plaintiffs, by Defendant Hayden Turk in his individual capacity, and by Hayden Turk on behalf of Defendant Valley Glazing Systems, Inc. ECF No. 12 at 8-9. Hayden Turk appears to be the CEO of Valley Glazing Systems, Inc. *See id.* Plaintiffs have now requested that the Court continue the Case Management Conference, currently set for April 16, 2026, to provide time for the Court to review and enter the Parties' proposed Judgment Pursuant to Stipulation.

The Court is concerned about its ability to enter the Judgment Pursuant to Stipulation as it was signed by a corporation apparently proceeding without an attorney. In contrast to individuals, who are free to represent themselves, corporations may not appear pro se. *See D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney.") (internal quotations omitted); 28 U.S.C. § 1654. District courts have applied this rule to find that stipulations (and judgments entered pursuant to stipulation) executed by corporations proceeding pro se are invalid. *See United Pac. Energy Operations & Consulting, Inc. v. Gas & Oil Techs., Inc.*, No. 07-cv-04436, 2012 WL 12953446, at *3 (C.D. Cal. Mar. 30,

United States District Court
Northern District of California

2012) ("Because the law mandates that corporations be represented by counsel, the Stipulation is invalid. The Amended Judgment is also invalid because the Court entered judgment on the basis of the Stipulation and, at that time, the Court lacked subject matter jurisdiction to do so. The Amended Judgment is therefore void as matter of law . . . ."); *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, No. 19-cv-00017, 2020 WL 7213112, at *3 (E.D. Cal. Sept. 28, 2020), *report and recommendation adopted,* 2020 WL 7186177 (E.D. Cal. Dec. 7, 2020) ("Because the law mandates that corporations be represented by counsel, the stipulation is invalid, and the Court lacks jurisdiction to enter judgment on the basis of such a stipulation.").

The parties are accordingly ORDERED TO SHOW CAUSE why the Court has the jurisdiction to enter judgment on the basis of the parties' stipulation, by filing, by April 30, 2026, a response explaining what authorities support the proposition that an unrepresented corporation may agree to a stipulated judgment. Additionally, as the parties know, the Court cannot rule on the Judgment Pursuant to Stipulation until all parties have consented to magistrate judge jurisdiction. *See* ECF No. 13. The parties must also address whether an unrepresented corporation may consent to magistrate judge jurisdiction. Alternatively, if Defendant Valley Glazing, Inc. obtains counsel, the parties may file a further amended Judgment Pursuant to Stipulation executed by counsel and the necessary parties by the same deadline.

The Case Management Conference scheduled for April 16, 2026, is continued to May 14, 2026 at 1:30pm.

**IT IS SO ORDERED.**

Dated: April 13, 2026

LISA J. CISNEROS
United States Magistrate Judge

2